```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
EUSTACIO SALAZAR-MARTINEZ, on behalf of
himself and all other similarly situated
persons,

                    Plaintiffs,              10-CV-6257

          v.                              DECISION AND ORDER

FOWLER BROTHERS, INC., JOHN FOWLER,
ROBERT FOWLER, JOHN D. FOWLER and
AUSTIN FOWLER

                    Defendants.
_____
```

## INTRODUCTION

By Order dated, September 14, 2012, this Court approved the settlement of this case, brought by the plaintiff on behalf of himself and all others similarly situated, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), New York Labor Law ("NYLL"), and the common law of contracts. Plaintiff brought this case as a collective action under the FLSA and a class action under Rule 23 of the Federal Rules of Civil Procedure. Plaintiff now seeks approval of attorneys' fees and costs in the amount of $212,500.00. The motion is unopposed and the fees requested are part of the settlement agreement which was approved by the Court. Based on the application of plaintiff's counsel and the papers submitted in connection with the instant motion and for the reasons set forth herein, the Court finds that the attorneys' fees and costs requested are reasonable. Accordingly, plaintiff is

1

awarded $212,500.00 in attorneys' fees and costs.

## DISCUSSION

Both the FLSA and NYLL provide for an award of reasonable attorney's fees and costs in actions for unpaid wages. 29 U.S.C. § 216(b); N.Y. Lab. Law §§ 198, 681.  Notwithstanding the parties' agreement on the amount of compensable attorneys' fees and costs, this Court must determine whether the fees requested are reasonable.  The Supreme Court and the Second Circuit have held that "the lodestar-the product of a reasonable hourly rate and the reasonable number of hours required by the case-creates a 'presumptively reasonable fee.'" Millea v. Metro-North R.Co., 658 F.3d 154, 166 (2d Cir. 2011)(citing Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany, 522 F.3d 182, 183 (2d Cir.2008), and Perdue v. Kenny A. ex rel. Winn, --- U.S. ----, 130 S.Ct. 1662, 1673, 176 L.Ed.2d 494 (2010)).

The reasonable hourly rate is, generally, the hourly rate employed by attorneys in the district in which the litigation is brought. Simmons v. New York City Transit Authority, 575 F.3d 170, 174 (2009).  The presumption that in-district hourly rates should be applied may be overcome in favor of higher, out-of-district rates if the litigant can persuasively show that the selection of out-of-district counsel was reasonable under the circumstances and "if...it is clear that a reasonable, paying client would have paid those higher rates" because "doing so would likely (not just

2

possibly) produce a substantially better net result." Id. at 174-5. The reasonableness of this decision rests on "experience-based, objective factors," including, "counsel's special expertise in litigating the particular type of case." Id. at 176.

Here, class counsel has applied out-of-district rates in their calculation of the lodestar as follows:

Getman & Sweeney, PLLC, which maintains offices in the Northern and Southern Districts of New York, charges $550 per hour for Dan Getman, a partner with 28 years of experience including over 25 years of experience handling class action and collective action wage and hours cases under the FLSA and various state laws; $440 per hour for Michael Sweeney, a partner with over 15 years of experience, including approximately 8 years of experience handling wage and hour litigation; for associates Matthew Dunn, Carol Richman and Lesley Tse, the firm charges $310, $275 and $275 per hour respectively; for an IT specialist, paralegals and clerical work, the firm charges $195, $135 and $50 per hour respectively. Dan Getman spent 192.2 hours on this case, Michael Sweeney spent 2.7, Lesley Tse spend 40.6, Matt Dunn spent 1.2, Carol Richman spent 1.3 and the paralegals, IT specialist and clerical workers spent 62.7 hours.

Getman & Sweeney also engaged Edward Tuddenham as of counsel in this case. Mr Tuddenham has over 30 years experience in representing migrant and foreign farm workers, including

representing the migrant farm worker plaintiffs in <u>Arriaga v. Florida Pacific Farms, LLC</u>, 305 F.3d 1228 (11th Cir. 2002), which involved the same issues present in this case - issues which remain unresolved in many circuits in the country, including the Second Circuit, and on which the Fifth and Eleventh Circuits are split. Mr. Tuddenham charges $600 per hour for his services and he spent 13.5 hours on this case. He maintains an office in New York, New York, in the Southern District of New York.

Finally, Robert J. Willis, of the Law Offices of Robert J. Willis in Raleigh, North Carolina in the Eastern District of North Carolina, charges $400 per hour for his services, $125 per hour for paralegals, $110 per hour for a legal assistant and $90 per hour for an additional legal assistant. Mr. Willis also has over 30 years of experience representing clients in class action cases including actions on behalf of foreign migrant farm workers. Mr. Willis speaks fluent Spanish and is able to effectively communicate with clients who speak only Spanish, such as the named plaintiff in this case. Mr. Willis spent 286.9 hours on this case, and his staff spent 63.1 hours.

This case was referred to Mr. Willis by the a representative of a farm worker union for which Mr. Willis has performed *pro bono* work in the past. The case was specifically referred to Mr. Willis because of his relationship with the union and his expertise in the area of wage and hour litigation on behalf of foreign migrant farm

workers.  Mr. Willis then associated with Getman & Sweeney because of their expertise in wage and hour litigation and the fact that their offices were located in New York State, albeit in the Northern and Southern Districts of New York.  Realizing the complicated nature of the issues involved in this case and the fact that these issues were not settled in the Second Circuit, Getman & Sweeney engaged Mr. Tuddenham to assist in the preparation of their opposition to the Defendants' initial motion for summary judgement, an opposition which was successful in all material respects.

The Court finds that the nature of this case, the representation of hundreds of foreign migrant farm workers who reside in rural areas of Mexico, and who do not speak English, coupled with the fact that the legal issues involved in the case were, and still are, unsettled in the Second Circuit and many other circuit courts of appeals, and given the high level of experience of the various law firms and lawyers chosen by the plaintiff in representing migrant farm workers, particularly foreign migrant farm workers, in complicated cases such as this, constitutes persuasive proof that a reasonable litigant would have sought out-of-district counsel for this particular litigation with expertise in this complicated area of law because doing so would likely produced a better result.

Based on the out-of-district rates specified above, and the specific hours set forth in the Affidavits of Robert Willis, Edward

Tuddenham, and Dan Getman, the lodestar calculation is $256,280.50. However, plaintiff seeks only $212,500.00, which includes costs (approximately $4,909.09) - roughly a 17% reduction in the lodestar, which, incidentally, did not include costs. The Court has reviewed the contemporaneous time records of the various attorneys, and finds that the hours expended were reasonable for a case of this magnitude. While some overlap may have occurred due to the nature of representing a foreign client in a class action involving two law firms and many lawyers, the Court finds that the %17 reduction in fees self-imposed by counsel adequately accounts for any such overlap in time. See e.g. Davis v. Eastman Kodak Co., 758 F.Supp.2d 190, 202 (W.D.N.Y. 2010).

Accordingly, for the reasons discussed herein, the Court finds that the attorneys' fees and costs requested by the plaintiff are fair and reasonable under the circumstances of this case. Therefore, Defendants are hereby ordered to pay plaintiff $212,500.00 in attorneys' fees and costs separate and apart from the settlement fund to the class plaintiffs.

**ALL OF THE ABOVE IS SO ORDERED.**

                                        s/ Michael A. Telesca
                                           MICHAEL A. TELESCA
                                  United States District Judge

Dated:   Rochester, New York
         September 14, 2012